IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TIMOTHY A. COOTEY and DELORES A. COOTEY, | ) ) | CIVIL NO. 11-00152 JMS/KSC |
| | ) | ORDER GRANTING |
| Plaintiffs, | ) | DEFENDANTS COUNTRYWIDE |
| | ) | HOME LOANS, INC. AND BAC |
| vs. | ) | HOME LOANS SERVICING, LP'S |
| | ) | MOTION TO DISMISS |
| COUNTRYWIDE HOME LOANS, | ) | |
| INC.; BAC HOME LOANS | ) | |
| SERVICING, LP; JOHN DOES 1-10; | ) | |
| JANE ROES 1-10; DOE | ) | |
| CORPORATIONS, PARTNERSHIPS | ) | |
| AND OTHER ENTITIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND BAC HOME LOANS SERVICING, LP'S MOTION TO DISMISS

## I. INTRODUCTION

On March 9, 2011, Plaintiffs Timothy A. Cootey and Delores A.

Cootey ("Plaintiffs") filed this action alleging claims against Defendants

Countrywide Home Loans, Inc. ("Countrywide") and BAC Home Loans Servicing,

LP ("BAC") (collectively, "Defendants"), for violations of the Truth in Lending

Act ("TILA"), the Real Estate Settlement Procedures Act of 1974 ("RESPA"), the

Fair Credit Reporting Act ("FCRA"), the Equal Credit Opportunity Act ("ECOA"),

and various state law claims stemming from a mortgage transaction concerning real

property located at 64-212 Puu Pulehu Loop, Kamuela, Hawaii 96743 (the "subject property").

Currently before the court is Defendants' Motion to Dismiss, in which they argue that the Complaint fails to state a cognizable claim. For the reasons set forth below, the court GRANTS the Motion and dismisses the Complaint with leave to amend as to certain claims.

## II. **BACKGROUND**

**A.    Factual Background**

The allegations of the Complaint tell a disjointed series of events in non-linear fashion, making it difficult to discern the basis of Plaintiffs' claims. Piecing together the allegations,[1] the court gleans the following:

On December 31, 2007, Plaintiffs signed a mortgage on the subject property in favor of Countrywide to secure a $331,500 loan. Defs.' Ex. A.[2] Although not completely clear, it appears that Plaintiffs took this mortgage to purchase the subject property. Compl. ¶ 7.

---

[1] In their Opposition, Plaintiffs assert several additional facts and/or theories for relief and even present Declarations. The court's review of the allegations for a Motion to Dismiss, however, is limited the allegations in the Complaint and any judicially-noticed facts.

[2] Defendants request the court to take judicial notice of the mortgage, and in response Plaintiff argues that the document is in dispute. Given that the mortgage is a public document, the court takes judicial notice of it. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (providing that a court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of a motion to dismiss") (quotations omitted).

The Complaint asserts that in consummating the loan, BAC and/or Countrywide allegedly (1) failed to disclose that Plaintiffs could compare loan terms with other lenders; (2) failed to provide Plaintiffs sufficient time to compare loan terms with other lenders; (3) failed to disclose Plaintiffs' consumer rights or the interest rates that Plaintiffs would have to pay over the lifetime of the loan; (4) overstated Plaintiffs' income on the loan application to increase Plaintiffs' chance of qualifying for a loan; (5) failed to inform Plaintiffs that Defendants did not follow reasonable underwriting guidelines and that the loan would be securitized; and (6) failed to provide various documents including a completed copy of the loan application, the initial loan disclosures, a signed and dated final truth in lending statement, a signed and dated good faith estimate, a signed and dated Servicing Transfer Disclosure and adjustable rate booklet, a final HUD-1 Settlement Statement, the Gramm Leach Bailey Act disclosures, or a statement of their rights under the Fair and Accurate Credit Transaction Act.  Compl. ¶¶ 17-36.

Despite the Complaint's allegations that BAC engaged in misconduct in the consummation of the mortgage loan, the Complaint alleges that the loan and/or mortgage were subsequently transferred to BAC such that it is unclear precisely what role BAC played in the original transaction.  *Id.* ¶ 37.

Plaintiffs suffered financial hardship and sought modification of the

loan.  *Id.* ¶¶ 8, 39-40.  It is unclear what happened next.  On the one hand, the

Complaint asserts that Plaintiffs received and performed under a trial loan

modification, yet Defendants sought foreclosure after they incorrectly asserted that

Plaintiffs had missed a payment.  *Id.* ¶¶ 10-16.  The Complaint also suggests,

however, that Plaintiffs never received any modification.  Specifically, the

Complaint asserts that Plaintiffs sought loan modification and while they were led

to believe that they would qualify for a loan modification, Defendants sought

foreclosure.  *Id.* ¶¶ 40-41.

The Complaint alleges that "Defendant" failed to negotiate in good

faith and allow Plaintiffs time to receive a loan modification.  *Id.* ¶¶ 42-43.

**B.**     **Procedural Background**

On March 9, 2011, Plaintiffs filed this action.  The Complaint alleges

claims titled (1) Violation of Statutory Duties (Count I); (2) Fraud (Count II);

(3) Mistake (Count III); (4) Unconscionability (Count IV); (5) Unfair and

Deceptive Practices (Count V); (6) Breach of Fiduciary Duty (Count VI);

(7) Failure to Act in Good Faith (Count VII); (8) Injunctive Relief (Count VIII);

(9) Recoupment (Count IX); (10) Unjust Enrichment (Count X); and

(11) Negligent and/or Intentional Infliction of Emotional Distress ("NIED" and/or

"IIED") (Count XI).

On April 4, 2011, Defendants filed their Motion to Dismiss. Plaintiffs

filed an Opposition on May 20, 2011, and Defendants filed a Reply on May 27,

2011. Pursuant to Local Rule 7.2(d), the court determines this Motion without a

hearing.

### III. <u>STANDARDS OF REVIEW</u>

**A.     Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss

a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans*

*Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must

accept as true all of the allegations contained in the complaint -- "is inapplicable to

legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief.  *Id.* at 1950.

**B.     Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud."  *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc) (emphasis in original), *superseded on other grounds by* 15 U.S.C. § 78u-4.

In their pleadings, Plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement.  *Id.* (citation and quotation signals omitted).  Where there are multiple defendants, Plaintiffs cannot "lump multiple defendants together" and instead must "differentiate their allegations [between defendants]."  *Destfino v. Kennedy*, 630 F.3d 952, 958 (9th Cir. 2011) (citation omitted).  However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying

that scienter existed."); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982).

## IV. **DISCUSSION**

Over the last two years, this court has seen a dramatic increase in mortgage foreclosure related cases.[3] Plaintiffs' counsel has brought several of these actions and the courts in this District have entered numerous orders outlining the pleading requirements for the various claims the court sees time and again. *See, e.g.*, *Rymal v. Bank of Am.*, 2011 WL 1361441 (D. Haw. Apr. 11, 2011)

_____

[3] In 2010, 141 mortgage foreclosure and/or TILA actions were filed in the District of Hawaii, compared to 2007 when only eight cases were filed and 2008 when eleven cases were filed. As of May 24, 2011, sixty-two new mortgage foreclosure cases have been filed, setting a pace on par with 2010.

(dismissing similar complaint); *Casino v. Bank of Am.*, 2011 WL 1704100 (D. Haw. May 4, 2011) (similar complaint); *Letvin v. Amera Mortg. Corp.*, 2011 WL 1603635 (D. Haw. Apr. 27, 2011) (similar complaint); *Enriquez v. Aurora Loan Servs., LLC*, 2011 WL 1103809 (D. Haw. Mar. 22, 2011) (dismissing complaint and issuing order to show cause what sanctions should not issue against Plaintiff's counsel). In fact, the claims in this action are almost verbatim those alleged in *Kapahu v. BAC Home Loans Servicing, LP*, 2010 WL 2734774 (D. Haw, July 8, 2010), which was brought by the same counsel, and which this court dismissed for failure to state a claim on July 8, 2010, eight months prior to the March 9, 2011 filing of the instant complaint. This Complaint also alleges the same claims that this court recently dismissed in *Rey v. Countrywide Home Loans, Inc.*, 2011 WL 2160679 (D. Haw. June 1, 2011). As this court has warned Plaintiffs' counsel once already in *Rey*, these deficient complaints result in a waste of parties' and this court's resources, and Plaintiffs' counsel must be mindful of his duty to bring claims that are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

As largely explained in *Rey*, the court again proceeds to explain why this Complaint fails to state a claim upon which relief can be granted.

8

## A.	Failure to Plead Facts as to Each Defendant

As an initial matter, Defendants argue that the Complaint should be dismissed because it is unclear exactly what Plaintiffs are asserting against each particular Defendant.  Defs.' Mot. at 5-6.  The court agrees -- none of the individual counts of the Complaint makes any particular allegations as to any specific Defendant, and the general allegations of the Complaint for the most part lump Countrywide and BAC together.  Such conclusory pleading fails to state a claim that is plausible on its face as to any Defendant.

In opposition, Plaintiffs assert that BAC and Countrywide are alter egos of each other because Bank of America, the parent company of BAC, purchased Countrywide.  Pls.' Opp'n at 10-11.  Plaintiffs ignore, however, that the focus of a motion to dismiss is limited to the allegations of the Complaint, and Plaintiffs fail to make such allegations in their Complaint. Accordingly, the court finds that as a general matter, the Complaint fails to state a claim as to any Defendant.

## B.	Violation of Statutory Duties (Count I)

Count I, labeled "Violation of Statutory Duties," alleges that "Defendant or one or more of them" violated "various statutory duties pursuant to the Real Estate Settlement Procedures Act (12 USC 2601 et seq.), the Equal Credit

Opportunity Act (Reg. B, 12 CFR 202), [] the Fair Credit Reporting Act (15 USC 1681), and the Truth in Lending Act (12 CFR Sec. 226.23(h) et alia." Compl. ¶ 53.

As the court has already explained in *Kapahu*, 2010 WL 2734774, at *4, and *Rey*, 2011 WL 2160679, at *4, this claim fails because although the background of the Complaint outlines a laundry list of Defendants' alleged failures to provide various documents and information to Plaintiffs, Count I fails to identify what particular conduct Plaintiffs assert violates each of these laws, or even the particular provisions of these laws that Defendants allegedly violated. By failing to put forth any specific factual or legal allegations -- and link those allegations to the particular statutory violations -- Plaintiffs do not provide Defendants with fair notice of the wrongs they have allegedly committed. This ground alone warrants dismissal of Count I.

Because the court grants Plaintiffs leave to amend as to some claims potentially encompassed in Count I, the court once again attempts to provide Plaintiffs' counsel with further guidance. And when examining all of the facts alleged in the Complaint, the court agrees with Defendants that Plaintiffs have failed to allege a cognizable claim for violation of TILA, RESPA, ECOA, or the FCRA. The court addresses these provisions in turn.

### 1.    TILA

Defendants argue, among other things, that Plaintiffs' TILA claims for damages and rescission are time-barred.  To the extent the court can decipher the allegations of the Complaint, the court agrees.

#### a.    Damages under TILA

Any claim for damages under TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  For violations of TILA's disclosure requirements, this one-year period generally begins to run from the date of consummation of the loan.  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Equitable tolling may nonetheless apply in certain circumstances:

> [T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.  Therefore, as a general rule, the limitations period starts at the consummation of the transaction.  The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

*Id.*  Where the basis of equitable tolling is fraudulent concealment, it must be pled

with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999).

Although the Complaint provides no allegations as to when the mortgage was entered into and otherwise confusingly starts its recitation of facts on Plaintiffs' efforts at loan modification, Plaintiffs entered into the mortgage loan transaction in December 2007. *See* Defs.' Ex. A. Accordingly, Plaintiffs' TILA claim for damages is time-barred unless equitable tolling applies -- it was brought over three years after consummation of the loan transaction. With that said, however, the Complaint pleads no facts indicating that any Defendant prevented Plaintiffs from discovering the alleged TILA violation or caused Plaintiffs to allow the filing deadline to pass. *See, e.g.*, *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1112 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'") (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Without any factual allegations that support the inference that Plaintiffs did not have a reasonable opportunity to discover the TILA violations, the Complaint does not support tolling the statute of limitations. *See Von Saher v. Norton Simon Museum*

*of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (granting leave to amend complaint to allege lack of reasonable notice to establish diligence where the facts alleged did not foreclose lack of reasonable notice as a matter of law); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902-03 (9th Cir. 2003) (rejecting argument for equitable tolling of the TILA claim because plaintiff was in full possession of all loan documents and did not allege any actions that would have prevented discovery of the alleged TILA violations).

In opposition, Plaintiffs assert that they were "tricked" by Defendants into letting the filing date pass. Pls.' Opp'n at 18-19. No such allegations appear in the Complaint. But even if they did, they appear irrelevant -- such allegations do not address when Plaintiffs first learned of the TILA violations and why they did not learn of them earlier.

Accordingly, Plaintiffs' TILA claim for damages is DISMISSED with leave to amend.

b.     *Rescission under TILA*

Plaintiffs' claim for rescission pursuant to TILA is time-barred. The right to rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]" 15 U.S.C. § 1635(f). Section 1635(f) is an absolute statute of repose barring "any [TILA

rescission] claims filed more than three years after the consummation of the transaction." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing *King*, 784 F.2d at 913). As such, the three-year period is not subject to equitable tolling. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (stating that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if a lender failed to make the required disclosures). Plaintiffs entered into the loan transaction in December 2007, and did not bring this action until over three years later in March 2011. Plaintiffs' claim for TILA rescission therefore fails as barred by the statute of limitations.

Accordingly, the court DISMISSES Plaintiffs' TILA claim for rescission without leave to amend.

### 2.    RESPA

The Complaint includes no allegations that appear to state violations of RESPA. Plaintiffs' Opposition confirms this fact -- Plaintiffs assert that they believe they can show that they sent a qualified written request to the "lender" asking for several documents, and that the "lender" failed to provide this information. Pls.' Opp'n at 16.[4] Given that these facts are well within Plaintiffs'

---

[4] Plaintiffs also assert additional bad acts by Defendants, which similarly are not included in the Complaint. To the extent Plaintiffs believe they can assert other violations of RESPA, they should be aware that in general, only three sections of RESPA create a private

(continued...)

own knowledge, the court rejects Plaintiffs' assertion that they need discovery on these facts.

Further, to the extent Plaintiffs assert a RESPA violation concerning events that occurred during consummation of the mortgage loan, the statute of limitations for a RESPA claim is either one or three years from the date of the violation, depending on the type of violation. Specifically, 12 U.S.C. § 2614 provides:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation . . . .

While the Ninth Circuit has not addressed the precise issue, this court has found that equitable tolling may apply to a RESPA claim. *See, e.g.*, *Amina v. WMC Mortg. Corp.*, 2011 WL 1869835, at *8 (D. Haw. May 16, 2011); *Sakugawa v.*

<hr />

[4](...continued)
right of action: (1) 12 U.S.C. § 2605 requiring disclosure to a loan applicant of whether the servicing of the loan may be assigned, sold or transferred; notice to the borrower at the time of transfer; and responses by the loan servicer to qualified written requests by the borrower; (2) 12 U.S.C. § 2607 prohibiting kickbacks for real estate settlement services; and (3) 12 U.S.C. § 2608 prohibiting sellers from requiring buyers to use a specific title insurer as a condition of its sale. *See also Padilla v. One West Bank*, 2010 WL 5300900, at *5 (N.D. Cal. Dec. 20, 2010); *Glover v. Fremont Inv. & Loan*, 2009 WL 5114001, at *5 (N.D. Cal. Dec. 18, 2009).

*IndyMac Bank, F.S.B.*, 2010 WL 4909574, at *4 (D. Haw. Nov. 24, 2010); *see also*, *McGinley v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 4065826, at *7 (W.D. Wash. Oct. 15, 2010); *Palestini v. Homecomings Fin., LLC*, 2010 WL 3339459, at *4 (S.D. Cal. Aug. 23, 2010); *Bonner v. Select Portfolio Servicing, Inc.*, 2010 WL 2925172, at *12 (N.D. Cal. July 26, 2010).

As stated above for Plaintiffs' TILA claim for damages, Plaintiffs brought this action well past either the one- or three-year statute of limitations for RESPA violations and the Complaint includes no allegations suggesting that equitable tolling may apply. The court therefore DISMISSES Plaintiffs' RESPA claim with leave to amend.

### 3. ECOA

As pleaded, the court cannot discern the basis for an ECOA violation. Plaintiffs' Opposition appears to assert that Defendants failed to provide Plaintiffs a copy of the appraisal report. Pls.' Opp'n at 22.

Under ECOA, "[e]ach creditor shall promptly furnish an applicant, upon written request by the applicant made within a reasonable period of time of the application, a copy of the appraisal report used in connection with the applicant's application for a loan that is or would have been secured by a lien on residential real property." 15 U.S.C. § 1691(e). A claim for violation of ECOA

must be brought no later than two years "from the date of occurrence of the violation," 15 U.S.C. § 1691e(f), but equitable tolling may apply under certain circumstances. *See Hafiz v. Greenpoint Mortg. Funding, Inc*., 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009).

The Complaint fails to assert a necessary prerequisite to Plaintiffs' ECOA claim -- that Plaintiffs made a written request for the appraisal report within a reasonable time of his application. Further, even if Plaintiffs did include such an allegation, Plaintiffs applied for this loan in December 2007 and the Complaint includes no allegations indicating that equitable tolling applies. The court therefore DISMISSES Plaintiffs' ECOA claim with leave to amend.

### 4.     FCRA

Again, the court is unable to discern the basis of this claim. Plaintiffs assert, however, that the basis of this claim is that BAC "misapplied payments and then reported inaccurate or improper information to credit reporting agencies . . . . " Pls.' Opp'n at 24. Even if the Complaint included such allegations, they would be insufficient to state a claim for violation of the FCRA.[5]

Specifically, pursuant to 15 U.S.C. § 1681s-2(a), furnishers of credit information have a duty to provide accurate information to a credit reporting

---

[5] Plaintiffs also assert in their Opposition that Defendants have violated the Fair and Accurate Credit Transaction Act, but no such allegations appear in the Complaint.

agency.  *See also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).  These duties are enforceable only by federal and state agencies.  *See id*; *see also Nelson v. Chase Manhattan Mortg. Corp*., 282 F.3d 1057, 1059-60 (9th Cir. 2002); 15 U.S.C. § 1681s-2(d) (noting that duties created under § 1681s-2(a) are enforced exclusively by the Federal agencies and officials and State officials).  An individual may bring a private cause of action only under 15 U.S.C. § 1681s-2(b), where the furnisher is given notice from a credit reporting agency of a dispute and fails to investigate within specified time limits.  *See also Nelson*, 282 F.3d at 1060.  In other words, "[i]t is only after (1) a consumer has notified a credit reporting agency of an inaccuracy, (2) the agency has notified the furnisher, and (3) the furnisher has failed to take action, that a consumer may sue the furnisher." *See Diana I Am v. Nat'l City Mortg. Co.*, 2010 WL 571936, at *10 (D. Haw. Feb. 17, 2010).

The Complaint includes no allegations that Plaintiffs complied with these prerequisites to bringing this claim -- Plaintiffs do not assert that (1) they notified any credit reporting agency of any inaccuracies in their credit report, (2) the credit reporting agency notified any Defendant, or (3) that such Defendant, upon notification, failed to investigate.  Accordingly, the court DISMISSES Plaintiffs' FCRA claim with leave to amend.

## C.  Fraud (Count II) and Mistake (Count III)

Count II, titled "Fraud," alleges that:

> Defendant or one or more of them breached their duties by misrepresenting [Plaintiffs'] income, by misrepresenting and/or concealing material facts, such as the misstatement of [Plaintiffs'] income, the failure of defendant or one or more of them to follow reasonable underwriting guidelines to qualify [Plaintiffs] for a loan, properly disclose the true terms of the loan, properly disclose the true amount of interest Plaintiffs would have to pay over the life of the loan, that property values were declining and would likely continue to do so in the foreseeable future, that they were likely to exhaust their savings and then not be able to pay the subject note, had a high likelihood of defaulting on the note, [and] that there would not be sufficient equity in the Property if they tried to refinance.

Compl. ¶ 58.

Count III, titled "Mistake," pleads in the alternative that if fraud is not found, then "the transaction was entered into based upon mutual mistake which entitles [Plaintiffs] to rescission of the note and mortgage and/or reimbursement of all monies that were paid . . . ." *Id.* ¶ 64.

As the court already explained in *Kapahu* and *Rey*, these allegations are insufficient to meet Plaintiffs' burden under the rigorous requirements of Rule 9 that apply to these claims. *See* Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake). Instead, these

allegations merely give lip service to the basic elements of a fraud and/or mistake claim, and fail to assert "particularized allegations of the circumstances *constituting* fraud" or mistake such as the time, place, and nature of the alleged actions, and how each Defendant participated in the fraud and/or mistake. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48. Indeed, the Complaint leaves completely unanswered precisely what actions each Defendant took that can form the basis of a fraud or mistake claim. *See also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (stating that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants).

In opposition, Plaintiffs assert that discovery is necessary to determine Defendants' wrongful acts that are the basis of the fraud claim. Pls.' Opp'n at 25-27. The court rejects this argument -- Plaintiffs base the fraud claim on misrepresentations made during consummation of the loan; certainly Plaintiffs can identify who they entered into the mortgage with, when this transaction took place, and how each Defendant made misrepresentations to her in that process. Indeed, Plaintiffs have already asserted several new facts they believe support this claim and that were not included in the Complaint. *See id.* at 26.

The court therefore DISMISSES Plaintiffs' claims for fraud and mistake with leave to amend.

**D.  Unconscionability (Count IV)**

The Complaint alleges that Plaintiffs "did not understand the loan transaction, or the true terms of the note and mortgage, and was not fully and timely informed of the same by defendant or one or more of them," such that "the terms and conditions of the note and mortgage are unconscionable."  Compl. ¶¶ 67-68.

"Unconscionability" is generally a defense to the enforcement of a contract, and is not a proper claim for affirmative relief.  *See, e.g.*, *Gaitan v. Mortg. Elec. Registration Sys.*, 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009) ("Unconscionability may be raised as a defense in a contract claim, or as a legal argument in support of some other claim, but it does not constitute a claim on its own."); *Carey v. Lincoln Loan Co.*, 125 P.3d 814, 829 (Or. App. 2005) ("[U]nconscionability is not a basis for a separate claim for relief."); *see also Barnard v. Home Depot U.S.A., Inc.*, 2006 WL 3063430, at *3 n.3 (W.D. Tex. Oct. 27, 2006) (citing numerous cases for the proposition that neither the common law or the UCC allows affirmative relief for unconscionability).

To the extent unconscionability can be addressed affirmatively as part of a different -- that is, independent -- cause of action, such a claim "is asserted to prevent the enforcement of a contract whose *terms* are unconscionable."  *Skaggs v.*

*HSBC Bank USA, N.A.*, 2010 WL 5390127, at *3 (D. Haw. Dec. 22, 2010) (emphasis in original).[6] In *Skaggs*, this court dismissed a "claim" for unconscionability because it challenged only conduct such as "obtaining mortgages under false pretenses and by charging Plaintiff inflated and unnecessary charges," and "failing to give Plaintiff required documents in a timely manner," but not any specific contractual term. *Id.* Likewise, the Complaint fails to challenge any particular term as unconscionable in an affirmative claim where the unconscionable terms may be relevant to that particular claim.

Accordingly, Count IV is DISMISSED with leave to amend.

## E.       Unfair and Deceptive Acts or Practices (Count V)

The Complaint alleges that the "wrongful acts and/or omissions of defendant or one or more of them constitute unfair and deceptive acts and practices in the conduct of business in violation of federal (15 USC Sec. 1802 et seq.) and state laws (HRS Sec. 480-2 and 480-13)." Compl. ¶ 70.

---

[6] In *Skaggs*, this court noted in dicta that "at least one Hawaii court has addressed unconscionability when raised as a claim seeking rescission." 2010 WL 5390127, at *3 n.2 (citing *Thompson v. AIG Haw. Ins. Co.*, 111 Haw. 413, 142 P.3d 277 (2006)). The court did not mean to suggest that an affirmative claim for "unconscionability" without more is a proper cause of action. Even in *Thompson*, the operative complaint did not assert a separate *count* for rescission or unconscionability. *See Thompson*, 111 Haw. at 417, 142 P.3d at 281 (indicating the specific counts were for negligence, fraud, breach of duty, and unfair and deceptive trade practices under HRS § 480-2). In *Thompson*, the remedy of rescission was based on an independent claim.

As *Kapahu* and *Rey* clearly explained to Plaintiffs' counsel, the federal statute Plaintiffs cite -- 15 U.S.C. § 1802 *et seq.* -- is found in the United States Code chapter on Newspaper Preservation. It therefore appears that Plaintiffs' counsel, who apparently incorporates language wholesale from previous complaints without any editing, has once again cited this statute in error.

As for Plaintiffs' allegation that Defendants violated Hawaii state law, Count V is wholly conclusory, not even paying lip service to the general elements of a claim for violation of Hawaii Revised Statutes ("HRS") § 480-13. *See Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc.*, 113 Haw. 77, 113-14, 148 P.3d 1179, 1215-16 (2006) (stating that there are "three elements essential to recovery under H.R.S. § 480–13: (1) a violation of H.R.S. chapter 480; (2) injury to the plaintiff's business or property resulting from such violation; and (3) proof of the amount of damages"). Further, where a Chapter 480 claim is based on fraudulent acts, a plaintiff must plead such claim with particularity. *See Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1232-33 (D. Haw. 2010) (relying on *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009), to find that Chapter 480 claims that sound in fraud must be pled with particularity). As pled, it appears that at least some of Plaintiffs' allegations in support of their Chapter 480 claim sound in fraud given that they incorporate by reference their (deficient) allegations of fraud. *See*

Compl. ¶ 69.  But none of the allegations asserts "particularized allegations of the circumstances *constituting* fraud" such as the time, place, and nature of the alleged fraud, and how each Defendant participated in the fraud.  *See In re GlenFed, Inc. Sec. Litig.,* 42 F.3d at 1547-48.  Accordingly, Plaintiffs' allegations fail to meet either Rule 8's general pleading requirement or Rule 9(b)'s particularity requirement.

Count V is DISMISSED with leave to amend.

## F.      Breach of Fiduciary Duty (Count VI)

Count VI asserts that Plaintiffs trusted "defendant and one or more of them" in entering into the loan, and that "defendant or one or more of them breached their fiduciary duties to [Plaintiffs]" by, among other things, "making misrepresentations of material fact, omitting to make disclosures of various material facts, [and] not properly qualifying them [sic] for the subject loan." Compl. ¶¶ 74-75.

These allegations fail to state a claim against Defendants.  In *McCarty v. GCP Mgmt., LLC*, 2010 WL 4812763 (D. Haw. Nov. 17, 2010), this court set forth a myriad of caselaw for the well-settled proposition that generally a borrower-lender relationship is not fiduciary in nature:

> Lenders generally owe no fiduciary duties to their borrowers.  *See, e.g.*, *Nymark v. Heart Fed. Sav. & Loan*

24

> *Ass'n*, 283 Cal. Rptr. 53, 54 n.1 (Cal. App. 1991) ("The
> relationship between a lending institution and its
> borrower-client is not fiduciary in nature."); *Miller v.
> U.S. Bank of Wash.*, 865 P.2d 536, 543 (Wash. App.
> 1994) ("The general rule . . . is that a lender is not a
> fiduciary of its borrower."); *Huntington Mortg. Co. v.
> DeBrota*, 703 N.E.2d 160, 167 (Ind. App. 1998) ("A
> lender does not owe a fiduciary duty to a borrower absent
> some special circumstances."); *Spencer v. DHI Mortg.
> Co.*, 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009)
> ("Absent 'special circumstances' a loan transaction 'is at
> arms-length and there is no fiduciary relationship
> between the borrower and lender.'") (quoting *Oaks
> Mgmt. Corp. v. Super. Ct.*, 51 Cal. Rptr. 3d 561 (Cal.
> App. 2006)); *Ellipso, Inc. v. Mann*, 541 F. Supp. 2d 365,
> 373 (D. D.C. 2008) ("[T]he relationship between a debtor
> and a creditor is ordinarily a contractual relationship . . .
> and is not fiduciary in nature.") (citation omitted).

*Id.*, at *5.

Given this rule, Plaintiffs fail to state a claim for breach of fiduciary

duty against Defendants.[7]  Nothing in the Complaint alleges "special

circumstances" that might impose a fiduciary duty in this mortgage-lending

situation against Defendants.  *See, e.g., Shepherd v. Am. Home Mortg. Servs., Inc.*,

---

[7] Unlike lenders, brokers generally owe fiduciary duties to their clients.  *See, e.g.,
Mortensen v. Home Loan Ctr., Inc.*, 2009 WL 113483, at *4 (D. Ariz. Jan. 16, 2009) (citing
cases indicating that mortgage brokers have fiduciary duties to their clients); *Brewer v. Indymac
Bank*, 609 F. Supp. 2d 1104, 1119 (E.D. Cal. 2009) (same); *cf. Han v. Yang*, 84 Haw. 162, 172,
931 P.2d 604, 614 (Haw. App. 1997) ("A real estate broker is a fiduciary and consequently must
exercise the 'utmost good faith, integrity, honesty, and loyalty,' and must diligently uphold a
legally imposed duty of due care.") (citations omitted).  Because Plaintiffs do not assert any
allegations establishing that any of the Defendants were acting in the capacity as a broker, the
court need not determine if Plaintiffs could state a claim against a broker.

2009 WL 4505925, at *2 (E.D. Cal. Nov. 20, 2009) ("Plaintiff cites no authority for the proposition that AHMSI or Deutsche owed a duty to not cause plaintiff harm in their capacities as servicer and [successor] to the original lender in ownership of the loan, respectively. . . . In fact, loan servicers do not owe a duty to the borrowers of the loans they service.").

Accordingly, Count VI is DISMISSED with leave to amend.

## G. Failure to Act in Good Faith (Count VII)

The Complaint alleges that "defendant or one or more of them owed [Plaintiffs] a duty to deal with them in good faith and in a fair manner," Compl. ¶ 79, and breached this duty through various misrepresentations and omissions. *Id.* ¶¶ 80-81.

This claim asserts the tort of "bad faith." *See Best Place v. Penn Am. Ins. Co.*, 82 Haw. 120, 128, 920 P.2d 334, 342 (1996) (adopting tort of bad faith for breach of implied covenant of good faith and fair dealing in an insurance contract). But, although bad faith is an accepted tort where the plaintiff is a party to an insurance contract, the tort has not been recognized in Hawaii based upon a mortgage loan contract. *See Jou v. Nat'l Interstate Ins. Co. of Haw.*, 114 Haw. 122, 129, 157 P.3d 561, 568 (Haw. App. 2007) (explaining that "the Hawaii Supreme Court emphasized that the tort of bad faith, as adopted in *Best*

*Place*, 82 Haw. at 128, 920 P.2d at 342, requires a contractual relationship between an insurer and an insured" (citations omitted)).

Moreover, although commercial contracts for "sale of goods" also contain an obligation of good faith in their performance and enforcement, this obligation does not create an independent cause of action. *See Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.*, 459 F. Supp. 2d 1028, 1037-38 (D. Haw. 2006). And Hawaii courts have noted that "[o]ther jurisdictions recognizing the tort of bad faith . . . limit such claims to the insurance context or situations involving special relationships characterized by elements of fiduciary responsibility, public interest, and adhesion." *Id.* at 1037 (quoting *Francis v. Lee Enters.*, 89 Haw. 234, 238, 971 P.2d 707, 711 (1999)).

Finally, even assuming a bad faith tort exists outside the insurance context, it is well-settled that "[a] party cannot breach the covenant of good faith and fair dealing before a contract is formed." *Contreras v. Master Fin., Inc.*, 2011 WL 32513, at *3 (D. Nev. Jan. 4, 2011) (citing *Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 941 (2d Cir. 1998) ("[A]n implied covenant relates only to the performance of obligations under an extant contract, and not to any pre-contract conduct.")). Hawaii follows this distinction. *See Young v. Allstate Ins. Co.*, 119 Haw. 403, 427, 198 P.3d 666, 690 (2008)

(indicating the covenant of good faith does not extend to activities occurring before consummation of an insurance contract).

Because the Complaint alleges no "special relationship characterized by elements of fiduciary responsibility, public interest, and adhesion," the court finds that Plaintiffs have failed to state a claim for bad faith. Further, Plaintiffs' allegations regarding pre-contract activities (failing to disclosure terms, failing to conduct proper underwriting, making an improper loan to Plaintiffs, or any misconduct in the potential loan modification), cannot be the basis of a claim for bad faith. *See id.*; *see also Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1237 (D. Nev. 2009) ("Because Plaintiffs' claim revolves entirely around alleged misrepresentations made before the [mortgage loan] contract was entered into, [the bad faith claim] fails as a matter of law.").

Accordingly, Count VII is DISMISSED, with leave to amend, if possible, to state a claim based on post-contract conduct that involves a "special relationship characterized by elements of fiduciary responsibility, public interest, and adhesion."

## H. Injunctive Relief (Count VIII)

The Complaint asserts that Plaintiffs are entitled to injunctive relief and a stay of any foreclosure proceedings until Plaintiffs' claims are resolved.

Compl. ¶ 85.

The court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); *Henke v. Arco Midcon, L.L.C.*, 750 F. Supp. 2d 1052, 1059-60 (E.D. Mo. 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action."); *Plan Pros, Inc. v. Zych*, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) ("[N]o independent cause of action for injunction exists."); *Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (same). Injunctive relief may be available if Plaintiffs are entitled to such a remedy on an independent cause of action.

Accordingly, the court DISMISSES Count VIII without leave to amend. If injunctive relief is proper, it will be because Plaintiffs met the necessary test for such relief under Rule 65 of the Federal Rules of Civil Procedure -- on an independent cause of action.

I.      **Recoupment (Count IX)**

Count IX, labeled "Recoupment" alleges that "[a]s a result of the various wrongful acts and/or omissions made by defendant or one or more of them, [Plaintiffs] is [sic] entitled to equitable recoupment of all monies paid by them with

regard to the subject loan transaction . . . ." *Id.* ¶ 89.

As with Plaintiffs' other claims, this allegation is wholly conclusory and provides no factual basis for why Plaintiffs are entitled to recoupment. Further, even if it were not wholly conclusory, the court finds no cognizable basis for such claim. To the extent based on TILA, TILA makes recoupment available only as a "defense" in an "action to collect a debt," 15 U.S.C. § 1640(e), and this court has held that "[n]on-judicial foreclosures in Hawaii are not 'actions to collect the debt' for purposes of recoupment under § 1640(e)." *Araki v. One West Bank FSB*, 2010 WL 5625969, at *6 (D. Haw. Sept. 8, 2010). Further, equitable recoupment is a defense, not a claim. *City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1034 (9th Cir. 2003) ("[E]quitable recoupment has been allowed by state courts as well, but it has always been recognized as a defense, not a claim.").

In opposition, Plaintiffs argue that they may state a claim for recoupment pursuant to HRS § 490:3-305(a)(3), which provides that "the right to enforce the obligation of a party to pay the instrument is subject to . . . [a] claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument . . . ." Defendants do not address whether Plaintiffs might be able to state a claim pursuant to HRS § 490:3-305(a)(3), and even if HRS § 490:3-305(a)(3) could provide a basis for a

claim, the Complaint includes no factual allegations supporting such claim.

Accordingly, the court DISMISSES Count IX with leave to amend.

## J.    Unjust Enrichment (Count X)

The Complaint incorporates the previous paragraphs, and then summarily asserts that "as a result of the various wrongful acts and/or omissions made by defendant or one or more of them, defendant or one or more of them have been unjustly enriched . . . ."  Compl. ¶ 91.

The conclusory allegations of the Complaint are insufficient to suggest a claim for relief that is plausible on its face.  To bring an unjust enrichment claim, a plaintiff must prove two elements: "(a) receipt of a benefit without adequate legal basis by Defendants; and (b) unjust retention of that benefit at the expense of Plaintiffs."  *Porter v. Hu*, 116 Haw. 42, 53, 169 P.3d 994, 1005 (Haw. App. 2007) (citing *Small v. Badenhop*, 67 Haw. 626, 636, 701 P.2d 647, 654 (1985)).  Further, there must be "an absence of an adequate remedy at law."  *Id.* (citations omitted).  But the Complaint makes wholly unclear what benefits Defendants received without adequate legal basis, therefore failing to provide fair notice to each Defendant regarding the nature of Plaintiffs' unjust enrichment claim.  *See, e.g.*, *Khomich v. Bank of Am., N.A.*, 2011 WL 1087858, at *8-9 (E.D. Cal. Mar. 23, 2011) (dismissing unjust enrichment claim based on alleged "higher

interest rates, fees, rebates, kickbacks and profits, as well as payments from various third parties," because, among other reasons, plaintiff failed to "state any facts in support of the contention that Defendants received and retained benefits and payments to which they were not entitled"); *Sorrels v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.*, 2011 WL 662980, at *6 (S.D. Cal. Feb. 14, 2011) (dismissing claim because "[t]he conclusory allegations plaintiffs[] provide do not show 'plausible liability' with respect to this claim"); *Gomez v. World Savings Bank FSB*, 2010 WL 5280004, at *5 (E.D. Cal. Dec. 13, 2010) ("[T]he FAC fails to allege which Defendants receive what monies and thus fails to provide fair notice of the nature of Plaintiff's unjust enrichment claim.").

The court therefore DISMISSES Count X of the Complaint with leave to amend.

## K.     Negligent and/or Intentional Infliction of Emotional Distress (Count XI)

Count XI, asserting claims for NIED and/or IIED, alleges that:

> Defendant or one or more of them breached their duties by causing [Plaintiff] to suffer severe mental and emotional distress, by misleading them, entering into a loan they were not properly qualified for, in causing them to lose their savings, by giving them false hope they were qualified for a loan modification, that they would be allowed loan assistance or modification on reasonable terms that would allow [Plaintiffs] to keep their interest in the Property, among other things.

Compl. ¶ 94.

Neither the allegations in Count XI nor the other portions of the Complaint sufficiently identify Defendants' conduct that supports this claim -- the allegations are simply too generalized and lacking in clarity to satisfy the requirements of Rule 8.  Further, as explained above as to Plaintiffs' other claims, Plaintiffs have failed to adequately allege any legally cognizable duty that Defendants may have to Plaintiffs -- the Complaint fails to assert a claim for breach of fiduciary duty, bad faith, or any other claim for that matter.

Accordingly, the court DISMISSES this claim with leave to amend.

**L.  Plaintiffs' Rule 56(d) Request**

Plaintiffs request that the court grant them leave to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d).  Plaintiffs' request is baseless and appears to be nothing more than a stall tactic.

As an initial matter, Rule 56(d) applies only in the summary judgment context; it has no application in response to Defendants' Motion to Dismiss.  Even casting aside the label of Plaintiffs' request, Plaintiffs have provided no basis for why they should be entitled to discovery before they are even able to state a cognizable claim.  Although Plaintiffs assert "this is a developing area of law," Plaintiffs' Opposition includes scant law in support of any of their claims, and

indeed, much of the law applicable to Plaintiffs' claims is well-settled in this court and has already been explained to Plaintiffs' counsel on multiple occasions. More telling, however, is that the Complaint failed to include many factual allegations that are certainly within Plaintiffs' knowledge -- for example, when Plaintiffs entered into the mortgage loan transaction, which Defendants they interacted with, when they discovered the TILA violations and/or how the TILA violations were hidden from them, when the mortgage loan was transferred to BAC, what misrepresentations Defendants made to Plaintiffs, the amount of time Defendants provided Plaintiffs to seek a loan modification, etc. In short, discovery is not necessary for Plaintiffs to provide a basis for their claims, and would only stall adjudication of this action. Indeed, Plaintiffs included many additional allegations in their Opposition that were never included in their Complaint. The court therefore DENIES Plaintiffs' request for discovery before amending the Complaint.

## V.  <u>WARNING TO PLAINTIFF'S COUNSEL</u>

Plaintiff's counsel, by this Order, is given clear warning -- the filing of another of his form complaints without the required factual foundation to support his claims, such as in *Kapahu*, *Rey*, and the instant case, will result in an Order to Show Cause why sanctions should not be imposed for violation of Rule

11(b)'s mandate that parties present arguments that are warranted by the law and non-frivolous. *See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."). Counsel's conduct has resulted in an inordinate waste of judicial resources. The court should not be required, time and again, to dismiss counsel's facially deficient form complaints for failure to state a claim.

## VI. <u>CONCLUSION</u>

Based on the above, the court GRANTS Defendants' Motion to Dismiss. If they so choose, Plaintiffs may file an amended complaint asserting claims against Defendants for all counts above except for a TILA rescission claim and injunctive relief, by July 11, 2011. Failure to file an amended complaint by July 11, 2011 will result in dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 13, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Cootey et al. v. Countrywide Home Loans, Inc., et al.*, Civ. No. 11-00152 JMS/KSC, Order Granting Defendants Countrywide Home Loans, Inc. and BAC Home Loans Servicing, LP's Motion to Dismiss