IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TIMOTHY A. COOTEY and DELORES A. COOTEY, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTRYWIDE HOME LOANS, INC. n/k/a BANK OF AMERICA CORPORATION; BAC HOME LOANS SERVICING, LP; ISLAND MORTGAGE SOURCE; JOHN DOES 1-10; JANE ROES 1-10; DOE CORPORATIONS, PARTNERSHIPS AND OTHER ENTITIES 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 11-00152 JMS/KSC <br><br> ORDER (1) GRANTING IN PART DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; AND (2) DECLINING SUPPLEMENTAL JURISDICTION OVER REMAINING STATE LAW CLAIMS |

**ORDER (1) GRANTING IN PART DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; AND (2) DECLINING SUPPLEMENTAL JURISDICTION OVER REMAINING STATE LAW CLAIMS**

## I. INTRODUCTION

On March 9, 2011, Plaintiffs Timothy A. and Delores A. Cootey

("Plaintiffs") filed this action alleging claims against Defendants Countrywide

Home Loans, Inc. ("Countrywide") and BAC Home Loans Servicing, LP ("BAC")

for violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement

Procedures Act of 1974 ("RESPA"), the Fair Credit Reporting Act ("FCRA"), the

Equal Credit Opportunity Act ("ECOA"), and various state law claims stemming from a mortgage transaction concerning real property located at 64-212 Puu Pulehu Loop, Kamuela, Hawaii 96743 (the "subject property"). Upon a Motion to Dismiss by Defendants, the court dismissed the Complaint with leave to amend, resulting in Plaintiffs filing a First Amended Complaint ("FAC"). The FAC asserts claims against Countrywide, BAC, and Plaintiffs' mortgage broker, Island Mortgage Source ("Island").

Currently before the court is Countrywide and BAC's ("Moving Defendants") Motion to Dismiss the FAC, in which they argue that Plaintiffs have failed to correct the deficiencies of their pleading and the FAC fails to state a cognizable claim. For the reasons set forth below, the court GRANTS the Motion in part as to Plaintiffs' federal claims, and declines jurisdiction over the remaining state law claims.

## II. <u>BACKGROUND</u>

### A. Factual Background

As alleged in the FAC, in December 2007, Plaintiffs met with Island seeking assistance in refinancing the subject property. FAC ¶¶ 11-12. Plaintiffs were ultimately offered, and accepted, a mortgage loan with Countrywide in the amount of $331,500 with a thirty-year, fixed-interest rate of 6.125%. *Id.* ¶¶ 13-16.

Closing occurred on January 2, 2008.[1]  *Id.* ¶ 17.

The FAC asserts that in offering and consummating this loan transaction, both Countrywide and Island committed various misdeeds. Specifically, Island allegedly never provided Plaintiffs a broker's agreement explaining its costs and fees, *id.* ¶ 37, and Countrywide allegedly (1) did not properly verify Plaintiffs' income or employment as required by generally accepted underwriting principles; (2) violated its fiduciary duty to Plaintiffs by ignoring that Plaintiffs would be paying more than eight times what they should be paying for housing expenses; and (3) failed to disclose that it intended to securitize and transfer, sell, or assign the note and/or mortgage. *Id.* ¶¶ 24, 28, 41.  The FAC further asserts that both Island and Countrywide (1) overstated Plaintiffs' income on the loan application to qualify them for a loan they would not otherwise qualify for; (2) used a "stated income stated assets [sic]" loan, even though Timothy Cootey was employed; (3) rushed Plaintiffs through signing all the documents and deprived Plaintiffs the opportunity to review the documents and/or ask questions; (4) failed to have a notary present; (5) did not explain the loan terms or that Plaintiffs could compare the loan terms to other loans; (6) charged Plaintiffs

_____

[1]  The court previously took judicial notice of the mortgage, which is dated December 31, 2007.  *See Cootey v. Countrywide Home Loans, Inc. et al.*, 2011 WL 2441707, at *1 (D. Haw. June 14, 2011).  Whether closing occurred on December 31, 2007 or January 2, 2008 does not affect the reasoning of this Order.

excessive broker and lender fees; and (7) failed to provide signed and dated copies of the loan application, the initial and/or final truth in lending statement, the good faith estimate, the final HUD-1 settlement statement, the servicing transfer disclosure, and Gramm-Leach-Bliley disclosures. *Id.* ¶¶ 19-22, 30-36, 38-39.

The FAC asserts that Plaintiffs "have reason to believe their loan was sold, transferred, or assigned, *improperly* to undisclosed 3rd parties." *Id.* ¶ 42. Although not clearly alleged in the FAC, it appears that Plaintiffs believe BOA and/or BAC became a subsequent purchaser, assignee, or transferee of the note and/or mortgage, because the FAC asserts that BOA purchased Countrywide's stock. *Id.* ¶¶ 74-75.

In late 2008, Timothy Cootey suffered a heart attack, and on October 26, 2009, he advised BOA that he was working only part time. *Id.* ¶¶ 45-46. Plaintiffs therefore requested a loan modification, for which they were approved. *Id.* ¶¶ 47, 49. Plaintiffs made their loan payments on time, but in 2010, BAC and/or BOA incorrectly asserted that they had missed payments. *Id.* ¶¶ 50-59. When Delores Cootey contacted BOA and/or BAC in September 2010 seeking the payment coupon for that month, she was informed that foreclosure proceedings had already commenced. *Id.* ¶¶ 58-59. Plaintiffs nonetheless continued to make their payments, and received conflicting information from BOA and/or BAC during the

various calls Plaintiffs made to straighten out the payment issue. *Id.* ¶¶ 60-67.

BOA and/or BAC returned Plaintiffs' cashier's checks for their November and December 2010 payments and filed a Notice of Intent to Foreclose on December 17, 2010. *Id.* ¶ 68. The FAC further asserts that BAC issued the Notice of Intent to Foreclose without establishing that it had the power to foreclose. *Id.* ¶ 70.

## B. Procedural Background

On March 9, 2011, Plaintiffs filed this action. The Complaint mirrored several complaints Plaintiffs' counsel, Robin Horner, has filed in several other actions, and Defendants filed a Motion seeking to dismiss the Complaint on the same grounds that the court had previously dismissed those other complaints. As a result, on June 14, 2011, the court granted the Motion to Dismiss, with leave for Plaintiffs to file their FAC (the "June 14 Order"). *Cootey v. Countrywide Home Loans, Inc.*, 2011 WL 2441707 (D. Haw. June 14, 2011).

On July 12, 2011, Plaintiffs filed their FAC, alleging claims titled (1) Violations of TILA, RESPA, and ECOA (Count I); (2) Fraudulent Misrepresentation (Count II); (3) Breach of Fiduciary Duty (Count III); (4) Unjust Enrichment (Count IV); (5) Mistake (Count V); (6) Unfair and Deceptive Acts or Practices (Count VI); (7) Breach of Contract (Count VII); (8) Negligent and/or

Intentional Infliction of Emotional Distress ("NIED" and/or "IIED") (Count VIII);

(9) Violation of Gramm-Leach-Bliley Act (Count IX); and (10) Quiet Title (Count

X).

On July 26, 2011, Moving Defendants filed their Motion to Dismiss.

Plaintiffs filed an Opposition on September 19, 2011, and Defendants filed a Reply

on September 26, 2011. A hearing was held on October 11, 2011.

### III.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss

a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans

Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must

accept as true all of the allegations contained in the complaint -- "is inapplicable to

legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 1950.

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *see also Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that a district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).

## IV. <u>DISCUSSION</u>

Moving Defendants argue that each of Plaintiffs' claims should be dismissed for failure to state a cognizable claim. The court first addresses Plaintiffs' federal claims, and, finding that Plaintiffs' federal claims must be dismissed, addresses the issue of supplemental jurisdiction.

## A.    Federal Claims[2]

### 1.    *Violation of TILA (Count I)*

The FAC asserts that Defendants violated TILA "by failing to make most if not all of the required disclosures, and accurately disclose the interest rate in violation of 12 C.F.R. § 226.18(d)(1)."  FAC ¶ 79(a).  This TILA claim for damages[3] fails for at least two reasons.

First, as to Island, TILA sets forth disclosure requirements for "creditors" only, which does not include mortgage brokers and servicers.  *See* 15 U.S.C. § 1602(f); *Cetto v. LaSalle Bank Nat'l Ass'n*, 518 F.3d 263, 271 (4th Cir. 2008) (affirming dismissal because a mortgage broker was not a "creditor" as defined by 15 U.S.C. § 1602(f))); *Viernes v. Executive Mortg., Inc.*, 372 F. Supp. 2d 576, 581-82 (D. Haw. 2004) (holding that a mortgage broker and one of its officers were not creditors under TILA).  Thus, Plaintiffs cannot assert a TILA

---

[2]  In addition to the claims addressed below, Plaintiffs' Opposition asserts that Count I includes additional claims for violations of federal law.  *See, e.g.*, Pls.' Opp'n at 12 (asserting that Count I "properly cites the specific RESPA, TILA, ECOA, FRCA, FACTA, and CROA provisions that are violated by Defendants").  Plaintiffs are mistaken; the only allegations of violations of federal law contained in Count I are for TILA, RESPA, and ECOA.  The court therefore limits its analysis to those claims that are actually alleged in the FAC.

The FAC also included a claim for violation of the Gramm-Leach-Bliley Financial Modernization Act (Count IX), yet Plaintiffs assert that they are "voluntarily dismissing" this claim.  The court therefore GRANTS Moving Defendants' Motion as to Count IX.

[3]  In dismissing the Complaint, the court did not grant Plaintiffs leave to state a TILA rescission claim, and the court construes Plaintiffs' allegations as asserting a TILA damages claim only.

claim against Island.

Second, as to Moving Defendants, this claim is time-barred. As the court previously explained in its June 14, 2011 Order, any claim for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). For violations of TILA's disclosure requirements, this one-year period begins to run "when the plaintiffs executed their loan documents, because they could have discovered the alleged disclosure violations and discrepancies at that time." *Cervantes v. Countrywide Home Loans, Inc.*, --- F.3d ----, 2011 WL 3911031, at *8 (9th Cir. Sept. 7, 2011) (citing 15 U.S.C. § 1640(e)); *see also King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (stating that the limitations period begins to run from the date of consummation of the loan).

Plaintiffs entered into the mortgage transaction on January 2, 2008, and did not bring this action until over three years later on March 9, 2011. Accordingly, on the face of the FAC, Plaintiffs' TILA damages claim appears time-barred unless Plaintiffs can demonstrate that equitable tolling and/or equitable estoppel applies to toll the statute of limitations.

Equitable tolling applies "where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the

existence of the claim." *Cervantes*, 2011 WL 3911031, at *8 (quoting *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001)); *King*, 784 F.2d at 915 ("[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."). In comparison, "[e]quitable estoppel 'halts the statute of limitations when there is active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" *Cervantes*, 2011 WL 3911031, at *9 (quoting *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006)); *see also Lukovsky v. Cnty. of San Francisco*, 535 F.3d 1044, 1052 (9th Cir. 2008) ("The primary problem with plaintiffs' argument is that their alleged basis for equitable estoppel is the same as their cause of action. As we have previously explained, the plaintiff must point to some fraudulent concealment, some active conduct by the defendant '*above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" (citation omitted)).

Although the FAC asserts three separate facts as supporting tolling of the statute of limitations, none of them supports application of either doctrine. For example, the FAC asserts that equitable tolling applies because Plaintiffs "are

unsophisticated borrowers," FAC ¶ 84, yet such fact does not suggest that Plaintiffs could not have learned of their claims through the exercise of due diligence and/or that circumstances beyond their control prevented them from learning of the TILA violations. *See, e.g.*, *Cervantes*, 2011 WL 3911031, at *8 (rejecting equitable tolling argument because "the plaintiffs have not alleged circumstances beyond their control that prevented them [from learning of the TILA violations]"); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902-03 (9th Cir. 2003) (rejecting argument for equitable tolling of the TILA claim because plaintiff was in full possession of all loan documents and did not allege any actions that would have prevented discovery of the alleged TILA violations); *Perez v. Wells Fargo Bank, N.A.*, 2011 WL 3809808, at *14 (N.D. Cal. Aug. 29, 2011) (rejecting that lack of sophistication tolls the statute of limitations); *Carnero v. Washington Mut.*, 2010 WL 4916419, at *3 (N.D. Cal. Nov. 22, 2010) (same); *see also Guinto v. Wells Fargo Bank*, 2011 WL 2618893, at *6 (E.D. Cal. June 30, 2011) (similar).

The FAC also asserts that the statute of limitations should be tolled because "Island, [Countrywide], BAC/BOA hid and concealed their wrongful conduct, including, but not limited to failing to make important disclosures, selling/assigning/transferring Cooteys' loan to undisclosed 3rd parties." FAC ¶ 84. This allegation appears to be directed to an equitable estoppel argument, but

for equitable estoppel to apply, "the plaintiff must point to some fraudulent concealment, some active conduct by the defendant '*above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" *Lukovsky*, 535 F.3d at 1052 (citation omitted). This allegation is insufficient on its face and the FAC includes no allegations that Moving Defendants concealed any particular information necessary for Plaintiffs to discover the alleged TILA violations, or indeed made any "misrepresentation and concealment of facts [that] is 'above and beyond the wrongdoing' that forms the basis for [their] TILA [claim]." *See Cervantes*, 2011 WL 3911031, at *9; *Robertson v. Bank of Am., NA*, 2011 WL 1231003, at *3 (N.D. Cal Apr. 1, 2011) (rejecting equitable estoppel argument where "the FAC is devoid of facts demonstrating that Defendant actively concealed its purported TILA violations [and] Plaintiff does nothing more than restate her fraud and TILA claims"); *Jacob v. Aurora Loan Servs.*, 2010 WL 2673128, at *3 (N.D. Cal. July 2, 2010) ("Plaintiff cannot rely on the same factual allegations to show that Defendants violated federal statutes and to toll the limitations periods that apply to those statutes. Otherwise, equitable tolling would apply in every case where a plaintiff alleges violations of TILA . . . and the statutes of limitations would be meaningless."); *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 906 (C.D.

Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations.").

The FAC also asserts that the statute of limitations should be tolled because "Island and [Countrywide] charg[ed] excessive fees at the time of loan origination." FAC ¶ 84. Whether Countrywide and/or Island charged excessive fees, however, is wholly irrelevant to whether the statute of limitations should be tolled.

Finally, in Opposition to the Motion to Dismiss, Plaintiffs argue that they were tricked into waiting to bring a legal action because they were given a trial modification of their mortgage loan. Pls.' Opp'n at 15. Plaintiffs do not include this allegation in their FAC and such fact, even if alleged, does not explain why Plaintiffs could not have brought this claim sooner. Such allegation would also fail on the alternative basis that TILA damages claim was already untimely at the time they sought modification -- the trial loan modification occurred in October 2009, when the one-year statute of limitations had already run.

In sum, because Plaintiffs' TILA damages claim is time-barred, the court GRANTS Defendants' Motion to Dismiss this claim. As to whether Plaintiffs should be granted another opportunity to correct the deficiencies of the FAC, the court finds that granting leave would be futile. *See Ascon Props., Inc. v.*

*Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (providing that the court's discretion to deny leave to amend is "particularly broad where plaintiff has previously amended the complaint"). The court has already explained in detail once what Plaintiffs must allege to assert equitable tolling and although Plaintiffs attempted to address this issue in their FAC, the facts alleged, even if pled in more detail, could not establish equitable tolling. Further, during the October 11, 2011 hearing, Plaintiff's counsel conceded that if the court dismissed the federal claims, any further attempt to amend would be futile. This dismissal is with prejudice.

## 2. *Violation of RESPA (Count I)*

The FAC asserts that all Defendants "violated § 2605 of RESPA by failing to the loan servicing agreement [sic], and notice to Cooteys of any such sale of their loan, at the time of such sale," and "violated § 2607 [ ] by charging excessive fees for real estate settlement services, which amount to 'kickbacks.'" FAC ¶¶ 81-82. These allegations are insufficient to assert a RESPA claim.

As an initial matter, Plaintiffs' RESPA claim is pled in the most vague terms such that the court (and the Defendants) cannot determine what each Defendant allegedly did that forms the RESPA claim. The June 14, 2011 Order had previously found that the Complaint must be dismissed because it fails to make "any particular allegations as to any specific Defendant [and therefore] fails to state

a claim that is plausible on its face as to any Defendant." *Cootey*, 2011 WL

2441707, at *3.  Plaintiffs failed to correct this pleading deficiency in asserting

their RESPA claim.  Rather, the FAC asserts that all Defendants violated §§ 2605

and 2607, without any regard to the fact that each Defendant had different roles in

the loan transaction.  By failing (once again) to make factual allegations as to each

particular Defendant, Plaintiffs have failed to state a claim.

Second, all of FAC's allegations of RESPA violations fail because

Plaintiffs have not alleged any actual damages.  Pursuant to 12 U.S.C.

§ 2605(f)(1), Plaintiffs have a burden to plead and demonstrate they have suffered

damages.  Specifically, § 2605(f)(1) provides:

> Whoever fails to comply with any provision of this
> section shall be liable to the borrower for each such
> failure in the following amounts:
> (1)  Individuals
>       In the case of any action by an individual, an
> amount equal to the sum of --
>       (A) any actual damages to the borrower as a result
> of the failure; and
>       (B) any additional damages, as the court may
> allow, in the case of a pattern or practice of
> noncompliance with the requirements of this section, in
> an amount not to exceed $1,000.

Because damages are a necessary element of a RESPA claim, failure to plead

damages is fatal to a RESPA claim.  *See, e.g.*, *Esoimeme v. Wells Fargo Bank*,

2011 WL 3875881, at *14 (E.D. Cal. Sept. 1, 2011) (dismissing claim where the

plaintiff failed to "allege any pecuniary loss from defendant's alleged failure to respond to the QWR"); *Soriano v. Countrywide Home Loans, Inc.*, 2011 WL 1362077, at *6 (N.D. Cal. Apr. 11, 2011) (reasoning that "even if a RESPA violation exists, Plaintiff must show that the losses alleged are causally related to the RESPA violation itself to state a valid claim under RESPA"); *Shepherd v. Am. Home Mortg. Servs.*, 2009 WL 4505925, at *3 (E.D. Cal. Nov. 20, 2009) ("[A]lleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages." (quoting *Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D. N.J. 2006))).

The FAC alleges only that Defendants are liable to Plaintiffs for damages, *see* FAC ¶ 82, yet fails to allege that Plaintiffs suffered any actual damages *as a result* of the alleged RESPA violations.  *See Shepherd*, 2009 WL 4505925, at *3.  Further, although the FAC asserts that Defendants are liable for Plaintiffs' attorneys' fees, such allegation does meet this requirement -- the FAC includes no allegations explaining how the RESPA violations caused Plaintiffs to incur attorneys' fees and in any event attorneys' fees are not "actual damages" as contemplated by § 2605(f)(1) and instead are separately enumerated as recoverable losses in § 2605(f)(3).  *See, e.g.*, *Luciw v. Bank of Am., N.A.*, 2010 WL 3958715, at

*5 (N.D. Cal. Oct. 7, 2010) ("[A]ttorneys' fees typically are not considered 'actual damages,' and other district courts have rejected similar arguments."); *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (concluding that attorneys fees' are not a "pecuniary loss" sufficient for purposes of 12 U.S.C. § 2605(f)(1)).  On this basis alone, Plaintiffs' RESPA claim fails.

Third, as to Plaintiffs' assertion that Defendants violated § 2605, the court previously explained to Plaintiffs that § 2605 governs the notice requirements where loan servicing is assigned, sold, or transferred.  *See Cootey*, 2011 WL 2441707, at *6 n.4 (citing 12 U.S.C. § 2605).  Indeed, the June 14, 2011 Order dismissed Plaintiffs' original RESPA claim because the Complaint "include[d] no allegations that appear to state violations of RESPA."  *Id.* at *6. Plaintiffs failed to correct this deficiency in the FAC.

Specifically, the FAC's allegation that all Defendants "violated § 2605 of RESPA by failing to the loan servicing agreement [sic], and notice to Cooteys of any such sale of their loan, at the time of such sale," -- beyond being nonsensical -- leaves unclear whether Plaintiffs are asserting that one or more of the Defendants failed to give Plaintiffs proper notice of a change in loan servicing (a violation of 12 U.S.C. § 2605), or that one of more of the Defendants failed to notify Plaintiffs when the loan was transferred to another creditor (a possible

violation of TILA's 15 U.S.C. § 1641(g)).  Regardless of which claim Plaintiffs

meant to assert, the allegations are so vague that the FAC fails to state a claim that

is plausible on its face -- the FAC leaves completely unanswered who failed to

make these disclosures and when the omissions took place.  To the extent Plaintiffs

intended to assert a violation of § 2605, the FAC fails to assert who serviced the

loan, when a change in servicing occurred, and who took over the servicing.  To

the extent Plaintiffs intended to assert a claim for violation of 15 U.S.C. § 1641(g),

the FAC fails to explain when any transfer occurred and what each Defendant's

role was in that transfer.

    Finally, Plaintiffs' allegation regarding excessive fees likewise fails.

RESPA prohibits the acceptance of "any fee, kickback, or thing of value pursuant

to any agreement or understanding, oral or otherwise, that business incident to or a

part of a real estate settlement service involving a federally related mortgage loan

shall be referred to any person."  12 U.S.C. § 2607.  In other words, a RESPA

violation occurs when a party receives a fee for providing a referral regarding a

mortgage loan.  The FAC, however, includes no allegations that any Defendant

paid or received anything for a referral regarding Plaintiffs' mortgage loan.

Rather, the FAC asserts only that Defendants charged "excessive fees" and such

allegation, on its own, does not suggest that those fees were somehow connected

with a referral.  *See, e.g.*, *Medrano v. Flagstar Bank, FSB*, 2011 WL 781945, at *4

(C.D. Cal. Mar. 1, 2011) (dismissing RESPA claim because "[a]lthough RESPA

does provide a private cause of action for the payment of kickbacks and unearned

fees in the course of real estate settlement services, Plaintiffs fail to allege facts to

show that the commission paid to Exodus (Plaintiffs' broker) or closing costs paid

to Protofund (Plaintiff's lender) were 'unearned fees'"); *Khan v. World Savings

Bank, FSB*, 2011 WL 133030, at *6 (N.D. Cal. Jan. 14, 2011) (dismissing RESPA

claim because, among other reasons, "there is no allegation that the alleged

'kickbacks, fees, or other things of value' had any relationship to the referral of

loan-related business or the real estate settlement process such that they would be

covered by RESPA").

Further, as to Moving Defendants,[4] Plaintiffs' RESPA claim for

violation of § 2607 is time-barred on its face.  As the court previously explained in

its June 14, 2011 Order, the statute of limitations for violation of § 2607 is one

year from the date of the violation, *see* 12 U.S.C. § 2614, but may be subject to

---

[4] The court considers the statute of limitations argument as it applies to Moving
Defendants only -- a statute of limitations argument is an affirmative defense that a defendant
has the burden of raising and establishing.  *See, e.g.*, *Radford v. Wells Fargo Bank*, 2011 WL
1833020, at *7 (D. Haw. May 13, 2011).  Island has not appeared and therefore had not met its
burden to raise this affirmative defense.  *See Caniadido v. Countrywide Bank, FSB*, 2011 WL
2470640, at *8 (D. Haw. June 20, 2011) ("As the limitations period is a matter on which a
defendant bears the burden, this court does not here sua sponte dismiss the damage claim against
[the unserved defendant] on statute of limitations grounds.").

equitable tolling.  *See Cootey*, 2011 WL 2441707, at *6.  In Plaintiffs' case, any alleged "kickback" occurred when the loan was consummated.  As stated above for Plaintiffs' TILA damages claim, Plaintiffs brought this action well past the one-year statute of limitations and the FAC fails to include sufficient allegations that would trigger tolling.  Plaintiffs' § 2607 claim as against Moving Defendants is untimely.

The court therefore DISMISSES Plaintiffs' RESPA claim.  As to whether Plaintiffs should be granted leave to amend, the June 14, 2011 Order previously instructed Plaintiffs that they must plead facts as to each Defendant, set forth specific factual and legal allegations, and link the allegations to the particular statutory violations.  *See Cootey*, 2011 WL 2441707, at *3-4.  The FAC shows no signs of trying to comply with these instructions.  Instead, the FAC lumps Defendants together and fails to explain how each Defendant participated in the alleged RESPA violations.  Further, in their Opposition, Plaintiffs offer no proffer of how they could amend the RESPA claim to state a viable claim, and Plaintiffs' counsel conceded at the October 11, 2011 hearing that any further effort to amend would be futile.  The court therefore finds that granting leave to amend under these circumstances would be futile.  *See Ascon Props.*, 866 F.2d at 1160; *see also Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (concluding that district

court acted in its discretion in not granting leave to amend where the plaintiffs

failed to correct deficiencies  previously outlined by the court); *Kendall v. Visa*

*U.S.A., Inc*., 518 F.3d 1042, 1051-52 (9th Cir. 2008) (concluding that amendment

would be futile where plaintiffs already filed an Amended Complaint containing

the same defects as their original complaint and failed to state what additional facts

they would plead if given leave to amend, or what additional discovery they would

conduct to discover such facts).  This dismissal is without leave to amend.

### 3.    *Violation of ECOA (Count I)*

The FAC asserts that Defendants violated ECOA "by failing to deliver

to Cooteys a signed and dated loan application."  FAC ¶ 79(b).  This allegation

fails to assert an ECOA violation.

ECOA makes it illegal for creditors[5] to "discriminate against any

applicant, with respect to any aspect of a credit transaction . . . on the basis of race,

color, religion, national origin, sex or marital status, or age . . . ."  15 U.S.C.

§ 1691(a)(1).  ECOA further provides that "[e]ach creditor shall promptly furnish

an applicant, upon written request by the applicant made within a reasonable

---

[5] Unlike TILA, which does not apply to mortgage brokers, *see supra*, the definition of "creditor" in ECOA is broad enough that it might encompass mortgage brokers.  *See* 15 U.S.C. § 1691a(e) (defining "creditor" as "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit").

period of time of the application, a copy of the appraisal report used in connection with the applicant's application for a loan that is or would have been secured by a lien on residential real property." 15 U.S.C. § 1691(e). The Regulations in turn outline various obligations of creditors regarding, among other things, requests for information, evaluation of applications, extensions of credit, furnishing of credit information, and providing appraisal reports. *See* 12 C.F.R. §§ 202.5-202.13. To state a claim for violation of this provision, a plaintiff must "allege that she was an 'applicant' and that the defendants treated her less favorably because of her race." *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 538 (7th Cir. 2011); *Chiang v. Veneman*, 385 F.3d 256, 259 (3rd Cir. 2004); *Mays v. Buckeye Rural Elec. Co-op., Inc.*, 277 F.3d 873, 877 (6th Cir. 2002).

The FAC's assertion that Defendants "fail[ed] to deliver to Cooteys a signed and dated loan application" *see* FAC ¶ 79(b), simply does not suggest that Plaintiffs were discriminated against in applying for a loan or that Defendants otherwise violated ECOA in any manner. Further, Plaintiffs do not cite, and this court is not aware of, any ECOA provision that creates a cause of action for a creditor's failure to deliver a signed and dated loan application. On this basis alone, this claim fails.

Further, as to Moving Defendants, this claim is time-barred. A claim

for violation of ECOA must be brought no later than two years "from the date of occurrence of the violation," 15 U.S.C. § 1691e(f), but equitable tolling may apply under certain circumstances. *See Hafiz v. Greenpoint Mortg. Funding, Inc*., 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009). As explained above for Plaintiffs' TILA claim, Plaintiffs have failed to allege sufficient facts to suggest that the statute of limitations may be tolled.

The court therefore DISMISSES Plaintiffs' ECOA claim. This dismissal is without leave to amend. The court has already given Plaintiffs one opportunity to amend their pleadings to assert an ECOA claim and their FAC came no closer to asserting such claim. The court therefore finds that granting leave to amend would be futile. This dismissal is with prejudice.

## B.     Supplemental Jurisdiction

Given the court's dismissal of the federal claims, the remaining claims are state law claims over which the court has only supplemental jurisdiction (there is no basis in the FAC for diversity jurisdiction given that both Plaintiffs and Island are citizens of Hawaii. Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in

each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *Acri v. Varian Assocs., Inc*., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

Because state courts have the primary responsibility for developing and applying state law, "the values of judicial economy, convenience, fairness and comity" do not favor retaining jurisdiction in this case. *See Acri*, 114 F.3d at 1001 (providing that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quoting *Carnegie-Mellon Univ*., 484 U.S. at 350 n. 7)); *Curiel v. Barclays Capital Real Estate Inc*., 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010) (reasoning that "primary responsibility for developing and applying state law rests with the state courts" and -- after dismissing TILA and RESPA claims -- declining to exercise supplemental jurisdiction over state law claims for negligence, breach of fiduciary duty, fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful foreclosure, and California Civil Code sections); *Anderson v. Countrywide Fin*., 2009 WL 3368444, at *5 (E.D. Cal. Oct. 16, 2009) (finding that

"the *Gibbs* values do not favor continued exercise of supplemental jurisdiction"

after resolving TILA and RESPA claims).

Accordingly, as this court similarly found in *Liu v. Wells Fargo Home
Mortg. Inc.*, 2011 WL 1362101, at *6-7 (D. Haw. Apr. 8, 2011), the court declines
to continue exercising supplemental jurisdiction over the state law claims alleged
in the FAC. The claims are matters for state courts. Moreover, judicial economy
does not favor retaining jurisdiction. The action in this court has not proceeded
past the initial pleading stages -- Defendants have yet to file an Answer and the
court has not resolved any substantive matters. *See Otto v. Heckler*, 802 F.2d 337,
338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine
whether its investment of judicial energy justifies retention of jurisdiction or if it
should more properly dismiss the claims without prejudice."); *Castaneda v. Saxon
Mortg. Servs.*, 2010 WL 2303246, at *1 (E.D. Cal. June 7, 2010) (declining to
exercise supplemental jurisdiction and reasoning, in part, that "while it has been
over a year since plaintiffs filed their original Complaint in federal court, the case
has yet to progress beyond the motion to dismiss stage"); *Pica v. Wachovia Mortg.*,
2010 WL 2555634, at *1 (E.D. Cal. June 21, 2010) ("Since this lawsuit has not
proceeded past the pleading stage, continued exercise of supplemental jurisdiction
over the state law claims serves no efficiency interest.") (quotation marks and

citation omitted).[6]

In short, judicial economy, convenience, fairness, and comity weigh in favor of declining jurisdiction over Plaintiffs' state law claims.

## V. **CONCLUSION**

Based on the above, the court GRANTS in part Moving Defendants' Motion to Dismiss as to Count I of the FAC. This dismissal is as to all Defendants. There being no other federal claims and no other basis for federal jurisdiction, the court declines to assert supplemental jurisdiction over the  remaining state law claims. The state law claims are dismissed without prejudice. The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 12, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Cootey et al. v. Countrywide Home Loans, Inc., et al.*, Civ. No. 11-00152 JMS/KSC, Order (1) Granting in Part Defendants Countrywide Home Loans, Inc. and Bank of America, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint; and (2) Declining Supplemental Jurisdiction over Remaining State Law Claims

---

[6]  28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."